IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-140-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KENNETH LOCKLEAR, ) | |
| ) | |
| Defendant. ) | |

On July 6, 2009, pursuant to a written plea agreement, Kenneth Locklear ("Locklear") pleaded guilty to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and a quantity of marijuana. See [D.E. 66, 67, 100]. On October 16, 2009, the court held Locklear's sentencing hearing. See [D.E. 76, 77, 88]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Locklear's objections. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 88] 5–56. The court calculated Locklear's total offense level to be 38, his criminal history category to be III, and his advisory guideline range to be 292–365 months' imprisonment. See Sentencing Tr. at 56–57. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Locklear to 324 months' imprisonment. See id. at 71–76. Locklear appealed. On August 26, 2010, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. See United States v. Locklear, 392 F. App'x 230 (4th Cir. 2010) (per curiam) (unpublished).

On February 9, 2016, Locklear moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 147]. Locklear's new advisory guideline range is 235 to 293 months' imprisonment, based on a total offense level of 36 and a criminal history

category of III. See Resentencing Report. Locklear requests a 261-month sentence. See id.; [D.E. 147]. On October 3, 2016, the government responded. See [D.E. 149].

The court has discretion under Amendment 782 to reduce Locklear's sentence. See, e.g., Chavez-Meza v. United States, 139 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Locklear's sentence, the court finds that Locklear engaged in serious criminal behavior. See PSR ¶¶ 13–22; Sentencing Tr. at 14–76. Moreover, Locklear is a violent recidivist and has convictions for second degree murder, first degree burglary, robbery with a dangerous weapon, and communicating threats. See PSR ¶¶ 24–28. Locklear also has performed poorly on supervision. See id. ¶¶ 25–26. Locklear has taken some positive steps while incarcerated on his federal sentence, but he has sustained disciplinary infractions for lying or falsifying a statement, counterfeiting or forging a document, being in an unauthorized area, destroying property, and refusing to obey an order. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Locklear received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Locklear's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and serious misconduct while incarcerated. Cf. U.S.S.G.

2

§ 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Locklear's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 139 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Locklear's motion for reduction of sentence [D.E. 147].

SO ORDERED. This 20 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge