IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-140-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KENNETH LOCKLEAR, | ) | |
| Defendant. | ) | |

On February 22, 2021, Kenneth Locklear ("Locklear" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 159]. On March 31, 2021, Locklear, through counsel, filed a memorandum and exhibits in support [D.E. 162, 163, 168]. On April 14, 2021, the government responded in opposition and filed exhibits in support [D.E. 170, 171]. On April 16, 2021, Locklear replied [D.E. 173]. As explained below, the court denies Locklear's motion.

I.

On July 6, 2009, pursuant to a written plea agreement, Locklear pleaded guilty to conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine and a quantity of marijuana. See [D.E. 66, 67]. On October 16, 2009, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 76, 77, 88]. After overruling all but one of Locklear's objections, the court calculated Locklear's total offense level to be 38, his criminal history category to be III, and his advisory guideline range to be 292 to 365 months' imprisonment. See [D.E. 88] 6–56. After thoroughly considering all relevant factors

under 18 U.S.C. § 3553(a), the court sentenced Locklear to 324 months' imprisonment. See [D.E. 77] 2; [D.E. 88] 57–74. Locklear appealed [D.E. 79, 81]. On August 26, 2010, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Locklear's plea agreement and dismissed Locklear's appeal. See United States v. Locklear, 392 F. App'x 230, 231 (4th Cir. 2010) (per curiam) (unpublished); [D.E. 115, 116].

On November 28, 2011, Locklear moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 119]. On August 29, 2013, the court dismissed Locklear's motion and denied a certificate of appealability [D.E. 134, 136]. Locklear appealed [D.E. 137]. On March 27, 2014, the Fourth Circuit dismissed Locklear's appeal. See United States v. Locklear, 562 F. App'x 175, 175 (4th Cir. 2014) (per curiam) (unpublished); [D.E. 140, 141]. On July 1, 2014, the Fourth Circuit denied Lockear's petition for rehearing en banc [D.E. 143]. On November 17, 2014, the Supreme Court of the United States denied Locklear's petition for writ of certiorari. See Locklear v. United States, 574 U.S. 1019 (2014).

On February 9, 2016, Locklear moved for sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 [D.E. 147]. On July 20, 2018, the court denied Locklear's motion [D.E. 150]. Locklear appealed [D.E. 151]. On February 12, 2019, the Fourth Circuit affirmed the court's decision. See United States v. Locklear, 752 F. App'x 164, 164–65 (4th Cir. 2019) (per curiam) (unpublished); [D.E. 156, 157].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the

2

[BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus,

---

    of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

 (ii) The defendant is—

  (I) suffering from a serious physical or medical condition,

  (II) suffering from a serious functional or cognitive impairment, or

  (III) experiencing deteriorating physical or mental health because of the aging process,

 that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)  Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)  Family Circumstances.—

 (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

 (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)  Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

Case 7:08-cr-00140-D Document 177 Filed 06/09/21 Page 4 of 9

the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On July 16, 2020, Locklear submitted a compassionate release request to the warden, but received no response. See [D.E. 168] 4–5; [D.E. 168-1] 1–4. On July 22, 2020, Locklear submitted

5

a request for home confinement, which the warden denied on July 28, 2020. See [D.E. 168] 5; [D.E. 168-1] 5. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Locklear's claim on the merits.

Locklear seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Locklear cites the COVID-19 pandemic, his age (55), and his hypertension, obesity, hyperlipidemia, and family history of heart disease. See [D.E. 162]; [D.E. 163]; [D.E. 168] 6, 12–18; [D.E. 168-2] 2. Locklear also cites the conditions at FCI Petersburg, his rehabilitation efforts, his release plan, and that he has served over 53% of his sentence. See [D.E. 168] 9–12, 18–22; [D.E. 168-2]; [D.E. 168-4]; [D.E. 168-5]; [D.E. 173] 6–8.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Locklear states that he suffers from hypertension, obesity, and hyperlipidemia, and has a family history of heart disease, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Locklear serves his sentence. Moreover, Locklear has received both doses of the Pfizer BioNTech vaccine. See [D.E. 170] 1, 3, 17; [D.E. 171] 28; cf. [D.E. 173] 2–4. Locklear argues that the vaccine may not lower his medical risks, but the court rejects his argument as meritless. Cf. [D.E. 173] 2–4. Accordingly, reducing Locklear's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

6

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Locklear's medical conditions, Locklear's rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Locklear's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Locklear is 55 years old and engaged in serious criminal conduct from 2002 to 2009. See PSR ¶¶ 13–22. As a member of a large drug trafficking organization, Locklear is accountable for distributing 31 kilograms of cocaine and 3,175.2 kilograms of marijuana. See id. Locklear possessed firearms in connection with his drug trafficking activities. See id. ¶¶ 15, 22. When Locklear's co-conspirator was arrested, Locklear did not stop dealing drugs. Instead, Locklear arranged for a shipment of cocaine three days later. See id. ¶ 17. After Locklear's arrest, Locklear obstructed justice by attempting to persuade witnesses to provide false testimony. See id. ¶¶ 18–22. Moreover, Locklear is a violent recidivist who received a life sentence with possibility of parole for second degree murder. After serving eleven years, Locklear was paroled. See id. ¶ 24. Locklear also has convictions for first degree burglary, robbery with a dangerous weapon, and communicating threats. See id. ¶¶ 25–27. Furthermore, Locklear has incurred four infractions while serving his present sentence. See [D.E. 168-2] 1. Nonetheless, Locklear has taken some positive steps while incarcerated. See id.; [D.E. 168] 18, 20–22; [D.E. 168-5] 1, 3; [D.E. 173] 6.

7

The court has considered Locklear's exposure to COVID-19, his vaccination status, his medical conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to vaccinate Locklear, the section 3553(a) factors, Locklear's arguments, the government's persuasive response, and the need to punish Locklear for his serious criminal behavior, to incapacitate Locklear, to promote respect for the law, to deter others, and to protect society, the court declines to grant Locklear's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Locklear's request for home confinement, Locklear seeks relief under the CARES Act. See [D.E. 159, 168]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses Locklear's request for home confinement.

II.

In sum, the court DENIES Locklear's motion for compassionate release [D.E. 159, 168], and DISMISSES Locklear's request for home confinement.

SO ORDERED. This 9 day of June 2021.

                                                                   JAMES C. DEVER III
                                                                   United States District Judge